# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FUNG YING LEUNG, et al., | 2:12-CV-1393 JCM (VCF) |
| Plaintiff(s), | |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiffs', appearing pro se, motion for a preliminary injunction prohibiting default and sale of real property under notice of default pending hearing on the merits. (Doc. # 2).

Also before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 11). The defendants include: Ocwen Loan Servicing ("Ocwen"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Merscorp Holding, Inc. ("Merscorp"). Plaintiffs filed a response in opposition (doc. # 16), and defendants filed a reply (doc. # 17).

Defendant Bank of America, N.A., successor by merger to defendant BAC Home Loans Servicing, LP, joins the motion of the above referenced defendants (doc. # 19) and provided its own motion to dismiss (doc. # 20).

**James C. Mahan**
**U.S. District Judge**

## I. Background

Plaintiffs' amended complaint (doc. # 8) and motion for a preliminary injunction (doc. # 2) both appear to be preprinted forms. Both documents contain sections of preprinted text with blanks where the plaintiffs filled in the blanks with pen. (*See* docs. ## 2 & 8). Neither document provides specific factual details to support plaintiffs' compliant, injunctive relief, or causes of action. (*See* docs. ## 2 & 8).

Plaintiffs purchased a house secured by a deed of trust and a promissory note in September 2007. (*See* Compl. ¶ 1; doc. # 12, Exs. 2 & 3). The loan was secured by a deed of trust on the property. (*Id.*). The basic premise of plaintiffs' lawsuit is that the note and deed of trust were separated from one another and thus the loan was no longer secured by the deed of trust. *See id.* at ¶ 2.

The court has taken judicial notice of the public documents filed with the court by the defendants. (Doc. # 12).[1] These documents shed additional light on the facts of this case. The deed of trust was recorded on September 24, 2007, and ReconTrust Company, N.A. was designated as the trustee. (Doc. # 12, Ex. 1). ReconTrust was substituted as trustee. (*See id.* at Ex. 5). On August 12, 2012, BANA assigned the deed of trust to Ocwen. (Doc. # 12, Ex. 9). The deed of trust lists MERS as the beneficiary. (Doc. # 12, Ex. 3). The deed of trust enables the lender to appoint a substitute trustee under the deed of trust and permit the lender to foreclose on the property if the borrower defaults. *Id.*

Plaintiffs eventually stopped making their monthly loan payments. (Doc. # 8, amended compl. at ¶ 19 ("The plaintiff was unable to make the loan payments due to high monthly payments. . . .")). The notice of default confirms plaintiffs' failure to make their monthly payments. (Doc. # 12, Ex. 4). The notice of default was properly recorded in September 2009. (*Id.*). Three notices of

---

[1] The court judicially notices the documents provided by defendants in document number 12, which are properly recorded in Clark County. *Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.")

James C. Mahan
U.S. District Judge

1  sale were properly recorded.  (Doc. # 12, Ex. 7).

2  The notice of default was rescinded and to date there has been no foreclosure. (Doc. # 12,
3  Ex. 8).  To prevent a foreclosure due to their failure to make their mortgage payments, defendants
4  filed the instant complaint seeking injunctive relief and alleging twelve causes of action. (Doc. #
5  8, amended compl.).

6  **II.    Legal Standard**

7  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
8  be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
9  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
10  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual
11  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
12  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual
13  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,
14  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim
15  to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

16  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
17  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations
18  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.
19  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
20  suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
21  allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's
22  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
23  liable for the alleged misconduct. *Id*. at 1949.

24  Where the complaint does not permit the court to infer more than the mere possibility of
25  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
26  (internal quotations omitted).  When the allegations in a complaint have not crossed the line from
27  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III.     Discussion

The plaintiffs' preprinted-form amended complaint alleges twelve causes of action. The court will address them one by one.

   A.     *Violations of Unfair Lending Practices - NRS 598D.100, 598D.110*

Plaintiffs' first claim is for violation of Nevada's Unfair Lending Practices Act under NRS 598D.100. The claim is based on allegations that lenders originating the loan in 2007 failed to determine whether plaintiffs could afford the variable interest rate in the indefinite future pursuant to their income stated loan application in English.

Countrywide was the lender of the deed of trust. (Doc. # 12, Ex. 3). Plaintiffs wrote in with pen the name Countrywide in the caption of the amended complaint. However, the text, body, facts section, or causes of action never list Countrywide. Plaintiffs do not make a specific factual assertion regarding Countrywide. Countrywide has already been terminated as a defendant due to the deficiencies in the complaint.

The defendants that filed the instant motion to dismiss (Ocwen, MERS, Merscorp, and BANA) did not originate the loan and had nothing to do with the disclosures leading to the origination of the loan. The unfair lending practices cause of action fails to state a claim.

Additionally, a claim under NRS 598D has a three year statute of limitations. NRS § 11.190(3)(a). Plaintiffs obtained their loan in September 2007. They did not file their complaint until late 2012, well beyond the three year statute of limitations. The first cause of action is dismissed against as to all defendants.

   B.     *Deceptive Trade Practices Act*

Plaintiffs' second claim is for violations of the Deceptive Trade Practices Act. Plaintiffs allege that the lenders did not give notice to plaintiffs that the loan could be assigned, sold or transferred. (Doc. # 8, ¶ 32). Plaintiffs further allege that the defendants or lenders received kickbacks as part of the assignments and that plaintiffs are entitled to some of the proceeds. (*Id.* at ¶ 34). Plaintiffs allege this all amounts to fraud under NRS 598. (*Id.* at 29).

James C. Mahan
U.S. District Judge

- 4 -

As a preliminary matter, NRS 598 governs deceptive trade practices in the sale and lease of consumer goods and services. NRS 598 is not made expressly applicable in the context of obtaining a home loan secured by real property or the foreclosure thereof. *See Reyna v. Wells Fargo Bank, N.A.*, no. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011 ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."); *Alexander v. Aurora Loan Servs.*, no. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, at *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue for relief to plaintiff."); *Parker v. Greenpoint Mortgage Funding*, no. 3:11-cv-00039-ECR-RAM, at *2 (D. Nev. July 15, 2011 (N.R.S. § 598 "does not cover a mortgage foreclosure").

Another court in this district recently dismissed these exact types of claims in a different case by reasoning:

> "Additionally, Plaintiffs claim that Defendants violated the Deceptive Trade Practices Act by fraudulently preparing or notarizing false documents to supplement the chain of assignments regarding the Note and Deed of Trust. However, these alleged actions do not state a claim under the Nevada Deceptive Trade Practices Act, because the assignments do not relate to a consumer transaction. The transaction occurred when Plaintiffs originally executed the Note and Deed of Trust. The subsequent assignments while expressly allowed by the Note and Deed of Trust, are not a continuing part of the past transaction."

*Viloria v. Premium Capital Funding LLC*, no. 2:12-cv-00406-KJD-PAL, 2012 WL 4361252, at *4 (D. Nev. Sep. 20, 2012).

Plaintiffs' claim here fails for the same reason–the assignments do not relate to a consumer transaction. The second of cause of action is dismissed as to all defendants.[2]

C.   *Conspiracy of Conversion and Fraud*

Plaintiffs' third and fourth causes of action allege that defendants participated in the MERS system in a conspiracy to deprive the plaintiffs of their property through fraud and misrepresentations that would result into a loan agreement they could not afford so defendants could eventually foreclose. (Doc. # 8, ¶35). Plaintiffs allege that defendants entered into this conspiracy knowing

---

[2] This cause of action is also barred by the statute of limitations, which defendant does not address. NRS § 11.190(2)(d), (3)(a).

James C. Mahan
U.S. District Judge

- 5 -

1  they could repackage and resell the loans on the secondary market for a profit.  (*Id.* at ¶ 36).

2  Conspiracy is not an independent cause of action in and of itself, but must be premised on an intentional tort.  *See Eikelberger v. Tolotti*, 611 P.l2d 1086, 1188 (Nev. 1980) ("It is necessary for the act in furtherance of the conspiracy to constitute an actionable tort.").  For a claim for civil conspiracy, "the complaint must allege: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts." *Ungaro v. Desert Palace, Inc.*, 732 F.Supp. 1522, 1532, n. 3 (D. Nev. 1989).  To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy.  *Grazione v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).

The elements of fraud must be alleged with a degree of meticulousness and specifically: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages.  *Stearns' Properties v. Trans-World Holding Corp.*, 492 F.Supp. 238, 241-42 (D. Nev. 1980); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000).  "Allegations of fraud, without specificity of the particulars, are merely the allegations of opinions, not actions." *Grazione v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2011).  General, vague, or conclusory allegations are insufficient and to be disregarded.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989).

There are no specific allegations in plaintiffs' complaint, only conclusory statements.  Plaintiffs only state that defendants are engaged in a conspiracy to commit fraud and conversion.  There is not a single date, statement, who, what, why, or how in any part of the complaint.  There is not a single specific fact to be found.  This is exact types of conclusory claims covered by *Twombly* and *Iqbal*.  Additionally, these claims are time barred by the three year statute of limitations.  NRS ¶ 11.190(3)(d).  The third and fourth causes of action are dismissed against all defendants.

    D.    *Inspection and Accounting*

An action for inspection and accounting will prevail only where the plaintiff can establish

James C. Mahan
U.S. District Judge

- 6 -

that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo*, 2010 WL 4102943 (D. Nev. 2010). Absent special circumstances no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiffs allege that due to the "deceptive nature of the defendants" that the defendants were paid "excessive interest and fees." (Doc. # 8, ¶ 56). Plaintiffs state that "proper discovery and accounting will reveal the true realized status of the account as stated." (*Id.*). However, plaintiffs have failed to allege any special circumstances that would create the requisite fiduciary relationship between them, the borrower, and one or more of the defendants, as a lender. *See McCurdy*, 2010 4102943 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust). Accordingly, the fifth cause of action is dismissed as to all defendants.

### E. Unjust Enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Plaintiffs' complaint admits that she entered into an express contract when she executed the deed of trust and note. (Doc. # 8 ¶ 1). Accordingly, plaintiffs cause of action for unjust enrichment is dismissed as to all defendants.

### F. Breach of Good Faith and Fair Dealing

Plaintiffs allege that defendants breached good faith and fair dealing by not informing plaintiffs of governmental loan assistance, further negotiating with plaintiffs after plaintiffs requested assistance under the Home Affordable Modification Program ("HAMP"), modifying the note, or pursuing other alternatives besides foreclosure.

**James C. Mahan**
**U.S. District Judge**

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). A breach of the duty of good faith and fair dealing can occur "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Id.* at 922-23.

Plaintiffs have not pointed to any particular provision in the loan contract or any consummated loan modification agreement that might have been breached by the defendants. There is no requirement under the note or deed or HAMP that a loan modification, or any other assistance, must be given to plaintiffs. Plaintiffs have not pointed to a specific contract provision to the contrary. Further, the defendants do not owe plaintiffs a fiduciary duty. *See Larson v. Homecomings Financial, LLC*, 680 F.Supp.2d 1230, 1236-37 (D. Nev. 2009) ("Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the parties."

Plaintiffs seventh cause of cause of action is dismissed as to all defendants.

G.   *Injunctive and Declaratory Relief*

Under Nevada law, injunctive relief is not a cause of action, but rather a type of remedy. *See In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). In any event, plaintiffs cannot establish the necessary factors from *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). First, there is no imminent or irreparable injury because there is no present foreclosure alleged or actually existing at this time by these defendants. (Doc. # 12, Exh. 8). Additionally, plaintiffs do not have a likelihood of success on the merits on any of their claims.

Like injunctive relief, declaratory relief is not an independent cause of action. *Aguilar v. WMC Mortgage Corp.*, No. 2:09-cv-1416-ECR-PAL, 2010 WL 185951, at *4 (D. Nev. Jan. 15, 2010). Moreover, the declaratory relief "claim" fails because it is duplicative and only asserts

violations alleged in the other causes of action already contained in the complaint.. *Josephson v. EMC Mortg. Corp.*, No. 2:10-cv-336-JCM-PAC, 2010 WL 4810715, at *3 (D. Nev. Nov. 19, 2010) ("Declaratory relief is a form of relief which is not intended to furnish the plaintiffs with a second cause of action for the determination of identical issues.").

Plaintiffs eighth and ninth causes of action for injunctive relief and declaratory relief are dismissed as to all defendants.

      H.     *Rescission and Cancellation of the Deed of Trust*

Plaintiffs' tenth cause of action seeks to rescind the loan contract because defendants' fraud induced plaintiffs into signing the contract and because defendants did not notify plaintiffs of the assignments. (Doc. # 8, ¶ 82). Plaintiffs argue they are entitled to rescission because of defendants violations of the deceptive trade practices act. (*Id.*).

Plaintiffs are not entitled to a rescission of the loan contract. First, plaintiffs cannot establish a claim for deceptive trade practices as established in sections III.A and III.B *supra*. To the extent that plaintiffs, though they do not say so in their complaint, actually seek rescission under the federal Truth in Lending Act then it fails because: (1) the claim fails outright and (2) the claims are time barred. *Miguel v. Country Funding*, 309 F.3d 1161, 1164 (9th Cir. 2002). The cause of action for rescission and cancellation of the deed of trust is dismissed as to all defendants.

      I.     *Violations of the Fair Housing Act 42 U.S.C. § 3601*

Plaintiffs allege that defendants violated the Fair Housing Act under 42 U.S.C. § 3601 because defendants targeted plaintiffs based on their national origin and race knowing that they were vulnerable to predatory lending. (Doc. # 8, ¶ 87).

The Fair Housing Act prohibits discrimination in making housing loans based on the "race, color, religion, sex, handicap, familial status, or national origin" of the applicant. *See* 42 U.S.C. § 3605(a) and (b)(1). To assert a claim under the Fair Housing Act, plaintiffs must establish: (1) that they are a members of a protected class; (2) that they applied for and were qualified for a loan; (3) that the loan was given on grossly unfavorable terms; and (4) that the lender continues to provide loans to other applicants with similar qualifications, but on significantly more favorable terms.

*Munoz v. Int'l Capital Corp.*, no. 03-1099, 2008 WL 3086907, at *4 (N.D. Cal May 4, 2004).

Plaintiffs complaint does not address the majority of these factors. Plaintiffs state they are "Chinese and a novice home buyer." (Doc. # 8, ¶ 85). Even assuming this were to qualify as a protected class under step one, plaintiffs have not alleged that they were qualified for better loans than anyone not in that class and still received less favorable treatment. This cause of action is dismissed as to all defendants.

J.     *Quiet Title*

Plaintiffs seek to quiet title against all defendants. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478 (Cal. 1974). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

Plaintiff has not alleged precisely what adverse interest they are seeking to quiet or that they have paid all their loans. The last cause of action is dismissed against all defendants.

K.     *Lis Pendens*

Plaintiffs have failed to state a cause of action. Therefore, the lis pendens recorded by plaintiffs must be expunged pursuant to N.R.S. § 14.015(2) and (3).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for a preliminary injunction (doc. # 2) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, DECREED that defendants' motions to dismiss (doc. ## 11 & 20) be, and the same hereby, are GRANTED. and plaintiffs' amended complaint (doc. # 8) is DISMISSED without prejudice.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' lis pendens (doc. # 3) be, and the same hereby, is EXPUNGED.

**James C. Mahan**
**U.S. District Judge**

- 10 -

1  IT IS FURTHER ORDERED that the clerk of the court is ordered to enter judgment and
2  close the case.
3  DATED January 22, 2013.

_____
UNITED STATES DISTRICT JUDGE